BILL ELROD, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

462 S.W.2d 250.

Court of Criminal Appeals of Tennessee. Sept. 28, 1970.

Certiorari Denied by Supreme Court Dec. 21, 1970.

Edwin B. Charles, Johnson City, for plaintiff in error.

David M. Pack, Atty. Gen., W. Collins Bonds, Asst. Atty. Gen., Nashville, Lewis W. May, Dist. Atty. Gen., Mountain City, for defendant in error.

## OPINION

GALBREATH, Judge.

Plaintiff in error, an indigent represented by Court appointed counsel, appeals from his conviction for burglary and three to four years' penitentiary sentence.

By his assignments of error, the plaintiff in error contends that the evidence does not support the verdict of the jury since the uncorroborated testimony of an accomplice constituted all of the proof against him, and that the attorney for the State's argument was improper and prejudicial.

Nothing appears in the motion for a new trial suggesting improper argument. In his motion the plaintiff in error does complain of cross examination touching on prior criminal activity and his association with a known prostitute, but an examination of the bill of exceptions fails to reveal any improper questioning of the defendant by the District Attorney General; and, indeed, not one objection to the rather lengthy cross examination was made. For the first time, in his brief, the attorney representing the defendant on trial and here says that the objectionable references to the defendant's non-related

unlawful conduct were made by counsel for the State during final argument. This Court has recently reiterated the proposition that unless an objection to improper argument is made a part of the motion for a new trial it cannot be raised on appeal:

"Under Rule 2 of the Supreme Court, also the rule of this court, all that is immaterial and no longer controverted should be omitted from the bill of exceptions. Arguments of counsel must not be included unless the same were seasonably objected to. Also Rule 14(5) provides that grounds upon which a new trial is sought will not constitute a ground of reversal unless it affirmatively appears that the same was specifically stated in the motion for a new trial in the lower court and decided adversely to the plaintiff in error, but will be treated as waived.

"T.C.A. Sec. 40-2029 to 40-2043 provides for transcripts to be furnished in felony cases. T.C.A. Sec. 40-2037 provides that upon the direction of the court in the case of an indigent defendant, or at the request of any party who has agreed to pay the fee, the court reporter shall transcribe from the original records such parts of the proceedings as are requested. There is no claim that the defendant ever requested any part of the proceedings not included in the bill of exceptions before us." Green v. State, Tenn.Cr.App., 450 S.W.2d 27.

Therefore the assignment of error as to the argument is overruled.

██ Equally unavailing is the complaint that the evidence is insufficient and uncorroborated. The defendant,

to whom a severance was granted on his application, admits accompanying two co-defendants to the office of Doctor Brodus Richardson in Johnson City on December 20, 1968, at which time a break-in took place. His fingerprints were found inside the office. A number of items were taken; and one of them, a pistol, was found under the front seat of an automobile in possession of the defendant when he was arrested two days after the burglary. Elrod also admitted sharing some money stolen from the illegally entered premises, receiving some fifty dollars in the division. He sought to excuse himself from criminal responsibility by testifying that the co-defendant who was the State's principal witness against him forced him to participate in the crime by threatening to shoot him with a shotgun if he did not go with the other two and assist in the break-in. That the jury chose not to believe the defendant is not surprising in view of the admitted corroborating facts that he spent the stolen money and, two days later, was still in possession of the stolen pistol. His own testimony corroborated every material fact of the testimony of the accomplice except the voluntariness of his participation, and his acceptance of the fruits of the crime militates against his claim to the contrary. The corroboration before us in the record is overwhelming and far exceeds the requirements under the law for this type of proof:

"The degree of evidence which shall be deemed sufficient to corroborate the testimony of the accomplice is for the determination of the jury. The law is complied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime, so that his conviction will not rest entirely

upon the evidence of the accomplice." Clapp v. State, 94 Tenn. 186, 30 S.W. 214.

The judgment of the trial court is affirmed.

MITCHELL and RUSSELL, JJ., concur.